NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 20-3464
_____

OLYNE TUTTY ALADE,
                            Petitioner

v.

ATTORNEY GENERAL
UNITED STATES OF AMERICA,
                            Respondent
_____

On Petition for Review of a Decision of the
Board of Immigration Appeals
BIA No. A077-606-583
(U.S. Immigration Judge: Alice Song Hartye)
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 5, 2021

Before:  SHWARTZ, RESTREPO, and SCIRICA, *Circuit Judges*.

(Filed: December 14, 2021)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**SCIRICA**, *Circuit Judge*

Petitioner Olyne Tutty Alade asks us to review a denial by the Board of Immigration Appeals of her motion to reopen her immigration case based on her allegations that she received ineffective assistance of counsel in the initial proceedings. Alade claims the legal assistance by her prior counsel was constitutionally ineffective because he should have filed an application for asylum and related relief of withholding of removal or under the U.N. Convention Against Torture ("CAT"). Because Alade cannot show *prima facie* eligibility for the relief she claims prior counsel should have pursued, we will deny the petition for review.

I.

Alade, a native and citizen of Liberia, is facing a Final Order of Removal from the United States. The Order of Removal arose from two convictions of theft of movable property, in violation of 18 Pa. Cons. Stat. § 3921(a), from 2013 and 2014. In the initial proceedings before the Immigration Judge, Alade's prior counsel sought adjustment of status under 8 U.S.C. § 1159(a) and a waiver of inadmissibility under 8 U.S.C. § 1159(c). Despite initially indicating that he might do so, prior counsel never filed an application for asylum and related relief either of withholding of removal or under the CAT. The grounds for the application would have been Alade's sexual orientation. After the Board upheld the Immigration Judge's decision, Alade retained new counsel and filed a motion to reopen alleging she received ineffective assistance of counsel due to prior counsel's failure to apply for asylum and related relief on her behalf.

On November 13, 2020, the Board denied Alade's motion to reopen for three

2

reasons: (1) her motion was procedurally deficient; (2) prior counsel's election not to pursue asylum and related relief was a "tactical decision[]," A.R. 4; and (3) Alade did not demonstrate she suffered prejudice as a result of prior counsel's representation, since she could not show *prima facie* eligibility for the relief for which she claims he should have applied. In her petition for review, Alade challenges each of these bases for the Board's denial of her motion to reopen.

We agree with the Board's conclusion that Alade could not show *prima facie* eligibility for the relief she claims prior counsel should have pursued and will deny the petition on that ground. Accordingly, we need not reach whether Alade's motion was procedurally deficient and whether prior counsel's failure to apply for the relief at issue is properly viewed as a tactical decision.

II.

We have jurisdiction, under 8 U.S.C. § 1252(a)(2)(D), to review "constitutional claims or questions of law" in a challenge to a final order of removal, 8 U.S.C. § 1252(a)(1). "We review the denial of a motion to reopen for an abuse of discretion. Thus, the BIA's ultimate decision is entitled to broad deference, and will not be disturbed unless it is found to be arbitrary, irrational, or contrary to law." *Zhu v. Att'y Gen.*, 744 F.3d 268, 271 (3d Cir. 2014) (alteration, quotation marks, and citations omitted). "We review *de novo* questions of law, such as whether petitioners' due process rights to the effective assistance of counsel have been violated." *Contreras v. Att'y Gen.*, 665 F.3d 578, 583 (3d Cir. 2012). Other questions of law, such as whether the BIA applied the correct legal standard, are also reviewed *de novo*. *Fadiga v. Att'y Gen.*, 488 F.3d 142,

153 (3d Cir. 2007).

An ineffective assistance of counsel claim in a removal proceeding requires a noncitizen to demonstrate "(1) whether competent counsel would have acted otherwise, and, if yes, (2) whether the alien was prejudiced by counsel's poor performance." *Rranci v. Att'y Gen.*, 540 F.3d 165, 175 (3d Cir. 2008) (quoting *Fadiga*, 488 F.3d at 157). Establishing prejudice requires a *prima facie* showing of eligibility for the relief sought, which is satisfied by "a 'reasonable likelihood' that the result of the removal proceedings would have been different had the error(s) not occurred." *Contreras*, 665 F.3d at 584 (quoting *Fadiga*, 488 F.3d at 159). "While a 'reasonable likelihood' of a different outcome requires more than a showing of 'a plausible ground for relief from deportation,' it does not require that a different outcome was more likely than not." *Fadiga*, 488 F.3d at 160-61 (quoting *United States v. Charleswell*, 456 F.3d 347, 361 (3d Cir. 2006)).

### III.

In challenging the Board's conclusion that she had not shown prejudice, Alade focuses exclusively on whether the Board properly applied the "reasonable likelihood" standard or instead held Alade to a higher standard. Specifically, Alade points to the use of "establish" in one sentence in the Board's decision as signaling a higher burden of proof than reasonable likelihood: "General conditions of discrimination and episodes of violence in a country are not usually sufficient to establish a withholding of removal or a torture convention claim." A.R. 4.

We disagree that the Board applied the incorrect standard. We also disagree with Alade's reading of this one sentence in the context of the Board's decision as a whole. In

4

*Guo v. Ashcroft*, it is true we held that, in the context of the Board's statement that a petitioner must "*establish* that there is a pattern or practice [of enforcing the family planning policy against Chinese nationals with foreign-born children] in her homeland," 386 F.3d 556, 564 (3d Cir. 2004) (quoting the Board's decision) (emphasis and alterations in original), the word "'establish' means the evidence for asylum outweighs the evidence against it." *Id.* But the context here is different. In this case, the Board did not state that Alade was required to "establish" anything, but merely that a certain kind of evidence is generally insufficient to establish the type of claims Alade alleges prior counsel should have made. Furthermore, the Board's decision describes the correct standard throughout the rest of its analysis. Accordingly, we are satisfied the Board applied the correct standard in reviewing Alade's claims of prejudice.

Moreover, on a *de novo* review of the record, we agree with the Board's conclusion that Alade did not make out a *prima facie* case for the relief requested or demonstrate a reasonable likelihood of prevailing on her claims absent prior counsel's alleged errors. For her asylum claim, Alade had an aggravated felony conviction, which made her ineligible for asylum. *See* 8 U.S.C. § 1158(b)(2)(A)(ii), (b)(2)(B)(i). For her withholding of removal and CAT protection claims, Alade did not meet the standards for demonstrating eligibility by failing to provide any evidence of her individualized risk of persecution or torture. *See* 8 C.F.R. §§ 1208.16(b)-(c); *Bravo v. Att'y Gen.*, 16 F.4th 1083, 1087 (3d Cir. 2021) (explaining that proper inquiry for relief under CAT is whether an "individual" has established likelihood of "torture[] if removed to the proposed country of removal" and requiring an IJ to focus on the petitioner). Although Alade

5

submitted evidence of her sexual orientation and generally prevailing conditions for LGBTQ individuals in Liberia, she did not provide any evidence of her individualized risk of persecution or torture. Therefore, we agree with the Board's determination that Alade failed to make the requisite specific showing of a reasonable likelihood of prevailing on her claims regardless of prior counsel's alleged errors.

IV.

Because we hold Alade did not show *prima facie* eligibility for the relief she claims prior counsel should have pursued, she was not prejudiced by his representation regardless of the alleged errors she has challenged. Accordingly, we will deny the petition.